UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SANDRA A. WALCH,                      Case No. 10-40597-MBM
                                                  Chapter 7
            Debtor.                  HON. MARCI B. MCIVOR

_____/

**TRUSTEE'S OBJECTIONS TO DEBTOR'S EXEMPTIONS
AND AMENDED EXEMPTIONS**

Chapter 7 Trustee, Wendy Turner Lewis, by her counsel, Steinberg Shapiro & Clark, requests that this court enter an order in the form attached denying the Debtor's exemptions. In support of these objections, the Trustee states:

**Jurisdiction**

1. This is a contested matter brought pursuant to Bankruptcy Rules 4003(b) and 9014.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) over which this court has jurisdiction pursuant to 28 U.S.C. § 1334.

**General Allegations**

3. On January 11, 2010, Sandra Walch filed a Voluntary Petition for relief under Chapter 7 of the U.S. Bankruptcy Code. Wendy Turner Lewis is the Chapter 7 Trustee of the Debtor's bankruptcy estate.

4. According to the Debtor's Schedules, the Debtor claimed the following exemptions pursuant to 11 U.S.C. §541(b)(6)(C):

| Property | Claimed Exemption | Amount |
|---|---|---|
| TCF Checking Account | §541(b)(6)(C) | $24.15 |
| National City Checking Account | §541(b)(6)(C) | $100.25 |
| Savings Account Fed Ex | §541(b)(6)(C) | $153.35 |
| Business Account TCF | §541(b)(6)(C) | $415.41 |

5.  Section 541(b)(6)(C) provides that property of the estate does not include –

> funds used to purchase a tuition credit or certificate or contributed to an account in accordance with section 529(b)(1)(A) of the Internal Revenue Code of 1986 under a qualified State tuition program (as defined in section 529(b)(1) of such Code) not later than 365 days before the date of the filing of the petition in a case under this title, but –
>
>> (C) in the case of funds paid or contributed to such program having the same designated beneficiary not earlier than 720 days nor later than 365 days before such date, only so much of such funds as does not exceed $5,475;

11 U.S.C. §541(b)(6)(C).

6.  The Trustee objects to the Debtor's claimed exemptions under 11 U.S.C. §541(b)(6)(C) since §541(b)(6)(C) is not applicable to the Debtor's TCF checking account, National City checking account, Fed Ex savings account and TCF business account. Thus, the Debtor is not permitted to claim an exemption pursuant to 11 U.S.C. §541(b)(6)(C) for these accounts.

**WHEREFORE**, the Trustee respectfully requests that this court grant the Trustee's objections to the Debtor's exemptions and such further relief as this court deems appropriate.

**Objection to Debtor's §522(d)(1) Exemptions**

7. According to the Debtor's Schedules and Amended Schedules, the Debtor claimed the following exemptions pursuant to 11 U.S.C. §522(d)(1):

| Property | Claimed Exemption | Amount |
|---|---|---|
| 2009 state and federal tax refunds | 11 U.S.C. §522(d)(1) | $3,000 |
| Meoshi Craighead- former tenant, past due rent | 11 U.S.C. §522(d)(1) | $6,957.92 |
| James Martin- former tenant, past due rent | 11 U.S.C. §522(d)(1) | $10,242.08 |

(Docket No. 1 and 11).

8. Section 522(d)(1) provides an exemption for:

> The debtor's aggregate interest, not to exceed $20,200 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

11 U.S.C. § 522(d)(1).

9. According to the Debtor's bankruptcy petition and schedules, these assets are not the Debtor's principal residence. The Debtor's principal residence is located at 3270 Sophia, Wayne, Michigan 48184.

10. The Trustee objects to the Debtor's claimed exemptions under 11 U.S.C. § 522(d)(1) as the Debtor is not permitted to claim an exemption under 11 U.S.C. § 522(d)(1) for her interest in the 2009 refunds or the past due rent owing from former tenants.

**WHEREFORE**, the Trustee respectfully requests that this court grant the Trustee's objections to the Debtor's exemptions and such further relief as this court deems appropriate.

## Objection to Debtor's § 522(d)(2) Exemptions

11. The Debtor claimed exemptions pursuant to 11 U.S.C. §522(d)(2) for the following vehicles:

| Vehicle | Claimed Exemption | Amount |
|---|---|---|
| 1994 GM truck | 11 U.SC. § 522(d)(2) | $500.00 |
| 2000 Volvo | 11 U.SC. § 522(d)(2) | $2,000 |
| 1996 GM truck | 11 U.SC. § 522(d)(2) | $50.00 |

12. Pursuant to 11 U.S.C. § 522(d)(2), a debtor may exempt an interest in one motor vehicle, not to exceed $3,225. In this case, the Debtor has claimed an exemption in three vehicles under § 522(d)(2). The Trustee objects to the Debtor's exemptions under § 522(d)(2) since the Debtor is only entitled to claim an exemption in one motor vehicle under § 522(d)(2).

**WHEREFORE**, the Trustee respectfully requests that this court limit the Debtor's § 522(d)(2) exemptions to one motor vehicle and grant such further relief as this court deems appropriate.

STEINBERG SHAPIRO & CLARK

/s/ Lauren Schumacher Oriani (P72317)
Attorney for Trustee
25925 Telegraph Road, Suite 203
Southfield, MI 48033
(248) 352-4700
oriani@ssc-law.com

Date: March 12, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SANDRA A. WALCH,  Case No. 10-40597-MBM
  Chapter 7
  Debtor.  HON. MARCI B. MCIVOR

_____/

**ORDER GRANTING TRUSTEE'S
OBJECTIONS TO DEBTOR'S EXEMPTIONS AND AMENDED EXEMPTIONS**

This matter has come before the court upon the Trustee's Objections to Debtor's Exemptions and Amended Exemptions. The Trustee served the Debtor and Debtor's counsel with the objections. No response was timely served, and the court has been duly advised in the premises.

**IT IS ORDERED** as follows:

(A) The Debtor's 11 U.S.C. §541(b)(6)(C) exemptions for the TCF checking account, National City checking account, Fed Ex savings account and TCF business account are denied in their entirety.

(B) The Debtor's 11 U.S.C. §522(d)(1) exemptions for the 2009 tax refunds, past due rent owing from Meoshi Craighead and past due rent owing from James Martin are denied in their entirety.

(C) The Debtor's 11 U.S.C. § 522(d)(2) exemptions for the 1994 GM truck, 2000 Volvo and 1996 GM truck are limited to one motor vehicle. The Debtor may amend her schedules within ten days of entry of this order to allocate the § 522(d)(2) exemption to one vehicle. If the Debtor fails to amend her schedules within that time the § 522(d)(2) exemption will be applied to the Debtor's 2000 Volvo in the amount of $2,000 and the remaining § 522(d)(2) exemptions denied in their entirety.

In re:

SANDRA A. WALCH,                        Case No. 10-40597-MBM
                                                      Chapter 7
                 Debtor.                        HON. MARCI B. MCIVOR

_____/

## 14 DAY NOTICE OF TRUSTEE'S OBJECTIONS
## TO DEBTOR'S EXEMPTIONS AND AMENDED EXEMPTIONS

       Chapter 7 Trustee, Mark H. Shapiro, has filed objections to the Debtor's exemptions and amended exemptions in the above proceedings.

       **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

       If you do not want the court to grant the objection, or if you want the court to consider your views on the objection, then on or before fourteen (14) days from the date of service of this notice, you or your attorney must:

       File with the court an objection or request for hearing at:[1]

            **INTAKE OFFICE**
            **U.S. Bankruptcy court**
            211 West Fort Street. 17th Floor
            Detroit, Michigan 48226

       If you mail your objection or request for hearing to the court for filing, you must mail it early enough so the court will **receive** it on or before the fourteen (14) day period expires.

       You must also mail a copy to:

            **STEINBERG SHAPIRO & CLARK**
            **c/o Lauren Schumacher Oriani, Esq.**
            25925 Telegraph Road, Suite 203
            Southfield, Michigan 48033
            (248) 352-4700

---

[1] Objection or request for hearing must comply with F.R. Civ. P. 8(b), (c) and (e).

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the objection and may enter an order granting that relief.

                                        STEINBERG SHAPIRO & CLARK

                                        /s/ Lauren Schumacher Oriani (P72317)
                                        Attorney for Trustee
                                        25925 Telegraph Road, Suite 203
                                        Southfield, MI 48033
                                        (248) 352-4700
                                        oriani@ssc-law.com

Date:   March 12, 2010

In re:

SANDRA A. WALCH,                            Case No. 10-40597-MBM
                                                         Chapter 7
                   Debtor.                           HON. MARCI B. MCIVOR

_____/

**BRIEF IN SUPPORT OF TRUSTEE'S OBJECTIONS
TO DEBTOR'S EXEMPTIONS AND AMENDED EXEMPTIONS**

In support of her objections, the Trustee relies on the provisions of 11 U.S.C. §541(b)(6)(C), 11 U.S.C. §§522(d)(1) and (d)(2) and Bankruptcy Rule 4003.

                                                                          STEINBERG SHAPIRO & CLARK

                                                                          /s/ Lauren Schumacher Oriani (P72317)
                                                                          Attorney for Trustee
                                                                          25925 Telegraph Road, Suite 203
                                                                          Southfield, MI 48033
                                                                          (248) 352-4700
                                                                          oriani@steinbergshapiro.com

Date:   March 12, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SANDRA A. WALCH,                          Case No. 10-40597-MBM
                                                    Chapter 7
                 Debtor.                         HON. MARCI B. MCIVOR

_____/

### CERTIFICATE OF SERVICE

I certify that on March 12, 2010, I served copies as follows:

| | |
|---|---|
| Documents Served: | Trustee's Objections to Debtor's Exemptions and Amended Exemptions; 14 Day Notice; Brief in Support; Certificate of Service |
| Served Upon: | Sandra A. Walch<br>3270 Sophia<br>Wayne, MI 48184 |
| Method of Service: | First Class Mail |

                                             /s/ Christine T. Leach, Legal Assistant
                                             Steinberg Shapiro & Clark
                                             Attorneys for Trustee
                                             25925 Telegraph Rd., Suite 203
                                             Southfield, MI 48033
                                             (248) 352-4700
                                             cleach@steinbergshapiro.com